UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE VERNON ) | |
| ) | |
| Plaintiff, ) | Case No. 21-cv-06463 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS and ROB JEFFREYS, ) | |
| DIRECTOR OF THE ILLINOIS ) | |
| DEPARTMENT OF CORRECTIONS ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maurice Vernon filed an amended complaint under 42 U.S.C. § 1983 against Defendants Illinois Department of Corrections and Rob Jeffreys, in his individual capacity and in his official capacity as the Director of the Illinois Department of Corrections (collectively, "Defendants"). Plaintiff alleges that Defendants subjected him to false imprisonment, unlawful detention, and violated his due process rights. Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

**Background**

Plaintiff was incarcerated within the Illinois Department of Corrections ("IDOC"), an Illinois agency operating throughout the State. (Dkt. 1, ¶ 8) Defendant Robert Jeffreys served as the IDOC Director from June 2019 until April 1, 2023.

The following facts are taken from Plaintiff's amended complaint and accepted as true for the purpose of deciding this motion. On October 7, 2015, Plaintiff was sentenced to seven years for manufacturing and delivering heroin. (Dkt. 1, ¶ 8). According to Plaintiff's sparse complaint, he at

1

some point notified Defendants that he was entitled to a shorter sentence because of time he previously served. (Dkt. 1, ¶ 8). In total, Plaintiff alleges that he was detained for approximately 175 days past the date on which he should have been released. (Dkt. 1, ¶ 8). On December 4, 2019, the Cook County Circuit Court judge presiding over Defendant's case issued an Order of Commitment and Sentence, declaring Plaintiff's sentence fully served. (Dkt. 1, ¶ 8).

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court accepts well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere recitations of the elements of a cause of action in a conclusory fashion are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

**Discussion**

The sole issue is whether any of the Defendants can be properly sued for the alleged wrongs. The Court considers whether Eleventh Amendment bars Plaintiff's action against the IDOC and Commissioner Jeffreys in his official capacity, and whether plaintiff has alleged facts to establish that Commissioner Jeffreys played a sufficient role in the alleged wrong to warrant individual liability.

**I. Defendant Illinois Department of Corrections**

Plaintiff cannot sue the IDOC in federal court. *Taylor v. Stateville Dep't of Corr.*, No. 10 C 3700, 2010 WL 5014185, at *2 (N.D. Ill. Dec. 1, 2010) (Coleman, J.) (holding that, as an arm of the state, IDOC is immune from suit under the Eleventh Amendment); *Herndon v. Ill. Dep't of Corr.*, No. 16 C 0205, 2016 WL 11656986, at *2 (N.D. Ill. Feb. 4, 2016) (Coleman, J.). The Eleventh

Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to also bar federal jurisdiction over suits brought against a state by one if its own citizens. *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000) (citing *College Saving Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999)).

The immunity conferred on a state by the Eleventh Amendment also extends to a state's agencies. *MCI Telecomms. Corp.*, at 336; *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Illinois Department of Corrections is an Illinois state agency, and is therefore entitled to Eleventh Amendment protections. *See Wittmer v. Peters*, 904 F. Supp. 845, 855 (C.D. Ill. 1995), *aff'd*, 87 F.3d 916 (7th Cir. 1996); *Sittig v. Ill. Dep't of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985) (Bua, J.); *Herndon*, at *2. Additionally, even though there are indications that Count II may bear the indicia of a *Monell* claim and certain units of local government may in fact face liability under *Monell*, the IDOC is a state agency and not a unity of local government and is thus still entitled to sovereign immunity. *Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) "governmental liability under [Monell], is limited to municipalities, which a state is not"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Courts recognize two well-known exceptions to a state's Eleventh Amendment protection, but neither would permit Plaintiff to proceed with this suit. First, Congress may by unequivocal language use its enforcement power under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity. *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). But the Supreme Court "long ago dispelled the notion that section 1983" did such a thing.

3

*Id.* at 909. Plaintiff brought his claims only under section 1983,[1] and thus he cannot rely on the congressional abrogation exception.

Second, a state may waive Eleventh Amendment protections and thereby consent to suit in federal court. *Id.* at 907. Courts will recognize such a waiver "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990). However, Illinois did not consent to suit in federal court in the statute establishing the IDOC, and therefore Plaintiff cannot rely on the waiver exception. *Wilson v. Cooper*, 922 F. Supp. 1286, 1295 (N.D. Ill. 1996) (Alecia, J.); *Knox v. McGinnis*, 998 F.2d 1405, 1412 (7th Cir. 1993). The Court therefore dismisses the claims against IDOC with prejudice. *See Herndon*, at *2.

## II.   Defendant Jeffreys in his Official Capacity

Plaintiff also cannot bring this monetary damages suit against Defendant Jeffreys in his official capacity. "Official-capacity suits for retrospective relief—i.e. money damages payable from the state treasury—generally implicate the Eleventh Amendment" in the absence of state waiver or congressional abrogation. *Kroll*, at 907–08; *See also Sweeney v. Madigan*, 359 F. Supp. 3d 585, 592 (N.D. Ill. 2019) (Coleman, J.) ("The Eleventh Amendment generally bars actions in federal court against . . . state officials acting in their official capacities.").

As a state official, Defendant Jeffreys enjoys Eleventh Amendment protections from retrospective suits. *See Santiago v. Bradley*, No. 17-CV-989, 2021 WL 3741475, at *7 (S.D. Ill. Aug. 24, 2021) (finding a money damages suit against Director Rob Jeffreys in his official capacity barred by the Eleventh Amendment); *see also Wittmer*, at 855 (applying the Eleventh Amendment to dismiss

---

[1] For purposes of deciding Defendants' motion, the Court assumes that each of Plaintiff's claims are properly brought under section 1983.

claims for money damages against warden in his official capacity).[2] Plaintiff does not seek prospective, injunctive relief against Defendant, and thus the Court does not consider whether plaintiff may proceed under *Ex Parte Young*. *See MCI Telecomms. Corp.*, at 337 ("The *Ex parte Young* doctrine allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.").

### III. Defendant Jeffreys in his Individual Capacity

Plaintiff's Amended Complaint also seeks damages from Defendant Jeffreys in his individual capacity. "Individual liability under section 1983 'requires personal involvement in the alleged constitutional deprivation.'" *Melvin v. Kramer*, No. 17-CV-5943, 2019 WL 5550581, at *2 (N.D. Ill. Oct. 28, 2019) (Coleman, J.) (citing *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), *cert. denied sub nom.* 138 S. Ct. 657 (2018)); *see also Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under [section] 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

Plaintiff's complaint offers no facts that suggest Defendant Jeffreys had any involvement whatsoever in Plaintiff's injuries, let alone personal responsibility for them. Without more details, Plaintiff's allegation that Defendant, himself, received "actual, and constructive written and oral notice" of Plaintiff's unlawful detention is merely conclusory and therefore must be dismissed.

Importantly, "[t]here is no *respondeat superior* liability under section 1983, and supervisory liability does not attach automatically" based on Defendant Jeffreys's role as IDOC director. *Melvin*,

---

[2] While Defendant Jeffreys no longer serves as the IDOC director, Plaintiff's official capacity suit against the current director would be similarly barred by the Eleventh Amendment. Per Federal Rule of Civil Procedure 25(d), the Court considers this official capacity suit as against the current IDOC director. *See* Fed. R. Civ. P. R. 25(d) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office the action does not abate and the officer's successor is automatically substituted as a party. . . . The court may order substitution at any time, but the absence of such an order does not affect substitution."). IDOC's website lists Latoya Hughes as the current Acting Director. *See* https://idoc.illinois.gov/aboutus/director.html.

at *2; *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (*respondeat superior* does not apply to section 1983 claims). Instead, to hold a supervisor liable under section 1983, a plaintiff must show that a defendant supervisor had personal responsibility such that the supervisor knew "about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

Based on Plaintiff's complaint, the Court cannot conclude that Jeffreys played such a role. Plaintiff failed to allege facts showing that Jeffreys individually had notice of Plaintiff's detention nor that he played any role in it. Plaintiff also failed to identify a statute or policy under which Jeffreys would have been required by law to sign off on or have knowledge of Plaintiff's detention. Therefore, the Court dismisses the claims against Defendant Jeffreys in his individual capacity without prejudice.

**Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss in full, with prejudice with respect to the IDOC and Jeffreys in his official capacity, and without prejudice with respect to Jeffreys in his individual capacity. Plaintiff is granted 21 days leave to file an amended complaint against Jeffreys in his individual capacity in accordance with this opinion.

IT IS SO ORDERED.

Date: 9/14/2023            Entered:_____
                           SHARON JOHNSON COLEMAN
                           United States District Judge

6