IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MAURICE VERNON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 21 CV 06463 |
| | ) ) |
| JOHN and JANE DOE, unknown individuals, SEAN DUFFY, an individual, ROBERT FANNING, an individual, and ROB JEFFREYS, an individual | ) ) ) ) ) |
| Defendants. | ) ) |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff Maurice Vernon, by and through the undersigned counsel, and complaining of the Defendants in their individual capacity, states as follow:

### Introduction

1. This case is brought under 42 U.S.C. Section 1983 to redress the deprivation, under color of law, of Plaintiff's constitutional rights.

2. Specifically, as a result of the egregious misconduct described herein, Plaintiff was illegally detained and imprisoned.

3. Despite numerous attempts by Plaintiff and his attorneys to end this illegal imprisonment, the misconduct described herein continued and caused severe damage to Plaintiff and his family.

### Jurisdiction and Venue

4. This Court has jurisdiction of the action under 28 U.S.C. Section 1331 and venue is proper under 28 U.S.C. Section 1391(b). All Individual parties resided in and/or operated in

this judicial district and some and/or all of the events giving rise to this claim occurred within this district.

## The Parties

5. Plaintiff, Maurice Vernon, is an African American citizen of Illinois and a lifetime Illinois resident.

6. Defendants, John and Jane Doe, Sean Duffy, Robert Fanning, Rob Jeffrey's were, at all times relevant to this lawsuit, employees of the Illinois Department of Corrections and were in their individual capacity, charged with the duty and responsibility of ensuring the timely release of inmates who have served their sentences.

## Background

7. On October 7, 2015, Plaintiff was a criminal defendant sentenced to a term of seven years resulting from a conviction in Cook County case #12CR519701, for manufacturing and delivering between 15 to 100 grams of Heroin.

8. However, despite Plaintiff hand delivering and mailing Defendants Jane and John Doe notification and documentation as early as October 14, 2015, and on numerous times thereafter, they did not undertake to ensure Plaintiff receive credit for the time he previously served.

9. After October 14, 2015, and despite Plaintiff and/or his agents and their numerous actions thereafter including written and oral notifications of giving Defendants John and Jane Doe prior, actual, and constructive written and oral notice that his actual sentence in this matter was not being faithfully carried out, they failed to undertake to secure his immediate release.

10. On or around December 4, 2019, Defendants Sean Duffy and Robert Fanning had been given notice by Plaintiff's attorney of Plaintiff's unlawful incarceration but failed to

undertake efforts to secure his immediate release. Likewise, Defendants Sean Duffy and Robert Fanning were also notified immediately after the Cook County Circuit Court Judge presiding over the above identified case, issued an Order of Commitment and Sentence declaring Plaintiff's sentence fully served.

11. On December 4, 2019, and for many months prior, Plaintiff was legally, a free man. However, despite regularly being put on notice, Defendants knowingly continued to imprison and detain Plaintiff for many days thereafter and in total, the actions of the Defendants resulted in Plaintiff being unlawfully imprisoned and detained for approximately 175 days.

12. On information and belief, Defendants John and Jane Doe, Sean Duffy and Robert Fanning reported the status of Plaintiff's unlawful detainment to Defendant Rob Jeffreys but Jeffreys failed to undertake to secure Plaintiff's release despite his actual and/or constructive knowledge.

13. Discovery is necessary for this Court to adjudicate this action as The Illinois Department of Corrections and/or its agents are in exclusive possession of records establishing dates as to when each defendant initially received was put on notice of Plaintiff's unlawful detainment. The records of receipt of and other documents not currently in possession of the Plaintiff will establish the dates all Defendants became obligated to release the Plaintiff and disclosure of these records will likely establish additional information in favor of Plaintiff as well as the identity of additional Defendants liable for damages incurred to the Plaintiff due to his unlawful detainment, false imprisonment, and denial of due process under 42 U.S.C. Section 1983 consistent with the allegations set forth in this Complaint

### COUNT I – 42 U.S.C. Section 1983
### False Imprisonment

14. Plaintiff re-alleges the foregoing paragraphs as if fully stated herein.

15. Plaintiff was against his will, illegally seized, arrested, detained, and imprisoned by all Defendants and despite their actual and constructive knowledge there was no legal reason for doing so.

16. In the manner described in the preceding paragraph, all Defendants unlawfully restrained Plaintiff's liberty and freedom of movement by detaining him in a penitentiary for in excess of, and beyond their lawful incarceration of Plaintiff.

17. As a result of this misconduct, Plaintiff has suffered and continues to suffer injuries including pain, mental anguish and physical suffering as well as the loss of his employment.

18. The actions of the Defendants as set forth above, were undertaken intentionally, recklessly and wantonly with malice and reckless indifference to Plaintiff's right to liberty and rights.

### COUNT II – 42 U.S.C. Section 1983
### Unlawful Detention

19. Plaintiff re-alleges the foregoing paragraphs as if fully stated herein.

20. As described more fully above, the misconduct of all Defendants was undertaken under the policy and practice of the Illinois Department of Corrections in the manner as more fully described above.

21. The actions of the Defendants as set forth above, were undertaken intentionally, recklessly and wantonly with malice and reckless indifference to Plaintiff's right to liberty and rights.

22. As a result of this misconduct, Plaintiff sustained serious physical and mental distress.

### COUNT III – 42 U.S.C. Section 1983
### Due Process

23. Plaintiff re-alleges the foregoing paragraphs as if fully stated herein.

24. As described more fully above, all Defendants, while acting under color of law and within the scope of its authority, violated Plaintiff's rights to Due Process by ignoring the actual and/or constructive notice as previously alleged. Absent this misconduct, the detainment of of Plaintiff could not and would not have occurred.

25. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

26. As described more fully above, the misconduct of all Defendants was undertaken under the policy and practice of the Illinois Department of Corrections in the manner as more fully described above.

### Request for Relief

Plaintiff, Maurice Vernon, respectfully requests that this Court:

A. Enter a judgment in his favor against all Defendants;

B. Award compensatory damages against all Defendants;

C. Award attorney fees, costs, and interest against all Defendants;

D. Award exemplary and punitive damages against all Defendant;

E. Grant any other relief that that is just and equitable.

Respectfully Submitted,

THE LAW OFFICE OF WILLIAM KNOX
/S/William Knox
4407 North Elston Avenue
Chicago, Illinois
60630
773-282-9129
knoxlaw@gmail.com, belzllc@yahoo.com