IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MAURICE VERNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 21 CV 06463 |
| JOHN DOE and JANE DOE, unknown individuals, ) | |
| SEAN DUFFY, an individual, ROBERT ) | |
| FANNING, an individual, and ROB JEFFREYS, ) | |
| An individual. ) | |
| ) | |
| Defendants. ) | |

**SECOND MOTION FOR LEAVE TO CONDUCT DISCOVERY
TO DETERMINE THE IDENTITY OF UNKNOWN DEFENDANTS**

NOW COMES the Plaintiff, by and through the undersigned counsel, and in support of this Motion states as follow:

1. On February 3, 2025, Plaintiff filed his Second Amended Complaint (Dkt. 74) naming John and Jane Doe as unknown individuals.

2. Prior to that time, on April 8, 2024, Plaintiff filed a Motion for Leave to Conduct Discovery in an effort to uncover the identities of these unnamed Defendants. (Dkt. 56). However, the motion was stricken on December 17, 2024 (Dkt. 67).

3. Plaintiff again moves this Honorable Court to permit Plaintiff to conduct discovery necessary for this Court to adjudicate this action.

4. Since being granted leave to file an amended complaint (Dkt. 48), Plaintiff's attorney has received documents that Plaintiff, Maurice Vernon, asserts were tendered upon employees and/or agents of the Illinois Department of Corrections establishing notice which obligated the putative John Doe Defendants to effectuate Plaintiff's immediate release from prison.

5. The Illinois Department of Corrections and/or its agents are in exclusive possession of records establishing dates as to when the attached documents and other documents not in possession of Plaintiff were received.

6. The records of receipt of attached documents and, other documents not currently in possession of the Plaintiff will establish the dates the Illinois Department of Corrections and its undisclosed defendant employees and/or agents became obligated to release the Plaintiff.

7. Accordingly, disclosure of these records will likely establish additional information in favor of Plaintiff as well as the identity of additional unknown Defendants liable for damages incurred to the Plaintiff due to his unlawful detainment, false imprisonment, and denial of due process under 42 U.S.C. Section 1983 consistent with the allegations set forth in Plaintiff's Second Amended Complaint.

8. Granting Plaintiff's motion at this stage would cause neither prejudice nor delay since new allegations against putative Defendants determined to be in possession of discoverable information and records will be, in sum and substance, essentially identical to Plaintiff's previously set forth allegations in the Second Amended Complaint.

WHEREFORE, The Court should grant Plaintiff's motion to conduct discovery and/or issue an order directing the Illinois Department of Corrections to tender Plaintiff records and all relevant information regarding all relevant communications received from the Plaintiff.

Respectfully submitted,

_____*S/ William Knox*_____
William Knox
Law Office of William Knox
4407 N. Elston Ave.
Chicago, IL 60630
773-282-9129
ARDC: 6276592
belzllc@yahoo.com
knoxlaw@gmail.com